UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD P. DAVIS, executor for the estate of Edward V. Davis,<br><br>          Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC, dba CHAMPION MORTGAGE COMPANY, and DOES,<br><br>          Defendant. | No. 2:18-cv-1083-TLN-EFB PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      This matter is before the court on defendant Nationstar Mortgage, LLC's motion to dismiss plaintiff's first amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF No. 7) and the court's September 5, 2018, order to show cause (ECF No. 13).[1]  For the following reasons, the order to show cause is discharged and it is recommended that defendant's motion to dismiss be granted.[2]

I.    Order to Show Cause

      Defendant noticed its motion to dismiss for hearing on September 12, 2018.  ECF No. 12. Pursuant to Local Rule 230(c), plaintiff was required to file a response to the motion by August

---

[1]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2]  The court determined that oral argument would not materially assist in the resolution of the pending motions and the matter was ordered submitted on the briefs.  *See* E.D. Cal. L.R. 230(g).

29, 2018, but failed to do so. Accordingly, the hearing on the motion was continued and plaintiff was ordered to file an opposition or statement of non-oppositions to the motion and to show cause why sanctions should not be imposed for his failure to timely do so. ECF No. 13.

In response, plaintiff filed a document entitled "Plaintiff's Notice of Removal of a State Action to this Court and Motion to Dismiss." ECF No. 15. In the document, plaintiff states that he seeks to remove to this court a pending state court unlawful detainer action concerning real property that is also the subject of the amended complaint filed in the instant action. *Id.* at 2. Plaintiff's filing, however, demonstrates that he is not a party to the state action that he wants to remove. Consequently, his purported attempt to remove the state action is defective and has no effect. *See* 28 U.S.C. § 1446 (setting forth the requirements for a defendant to remove a state court civil action).

Plaintiff's filing also is nonresponsive to the order to show cause and the pending motion to dismiss. It does not address the arguments raised in defendant's motion, nor does it provide any explanation for plaintiff's failure to timely file an opposition or statement of non-opposition to the pending motion. Although plaintiff has not shown any reason why sanctions should not be imposed, the court declines such imposition in light of this being the first instance of plaintiff violating the Local Rules and plaintiff's pro se status. Accordingly, the order to show cause is discharged and no sanctions will be imposed. Plaintiff is admonished that future violations of the federal or local rules or court order will result in sanctions which could include the ultimate sanction of a dismissal with prejudice.

II.     Defendant's Motion to Dismiss

A.     Factual Background

The first amended complaint[3] alleges that plaintiff is the executor of the Estate of Edward V. Davis. ECF No. 4 at 1. Prior to his death, Edward V. Davis ("Mr. Davis"), who was plaintiff's father, purchase real property located at 1395 Sanborn Road, Yuba City, California (the

---

[3] Prior to defendant appearing in this action, plaintiff amended his complaint as a matter of course pursuant to Rule 15(a)(1).

2

"subject property").  *Id.* at 2.  In January 2008, Mr. Davis obtained a reserve mortgage loan from Liberty Reverse Mortgage, Inc. in the amount of $484,135.50, which was secured by a Deed of Trust.  Def.'s Request for Judicial Notice ("RJN"), Ex. 1.[4]  The following month, a Corporation Assignment of Deed of Trust/Mortgage was recorded, assigning all beneficial interest under the Deed of Trust to Bank of America, N.A.  RJN, Ex. 3.  In November 2012, Bank of America recorded an Assignment of Deed of Trust, assigning its interest in the Deed of Trust to defendant.  RJN, Ex. 4.

Plaintiff's father died on July 26, 2016, leaving plaintiff as the sole beneficiary of his estate.  ECF No. 4 at 3.  On August 29, 2017, a Notice of Default and Election to Sell Under Deed of Trust was recorded, which reflected that the loan was in arrears by $283,689.06.  RJN, Ex. 5.  On May 1, 2018, the subject property was sold at public auction, and a Trustee's Deed Upon Sale was recorded shortly thereafter.  RJN, Ex. 6.

Plaintiff subsequently filed this action, seeking damages for defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and to quiet title to the subject property.  ECF No. 4.  Defendant now moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  ECF No. 7.

B.      Rule 12(b)(6) Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

---

[4]  The court grants defendant's request for judicial notice of documents recorded in the Sutter County Recorder's Office.  ECF No. 8; *see Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.") (internal quotations omitted).

1  requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

2  *Iqbal*, 556 U.S. at 678.

3      Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

4  theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

5  at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

6  claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

7      Pro se pleadings are held to a less-stringent standard than those drafted by lawyers.

8  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  However, the Court need not accept as

9  true unreasonable inferences or conclusory legal allegations cast in the form of factual

10  allegations.  *See Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining*

11  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

12      For purposes of dismissal under Rule 12(b)(6), the court generally considers only

13  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

14  subject to judicial notice, and construes all well-pleaded material factual allegations in the light

15  most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710

16  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

17      C.   <u>Discussion</u>

18          1.   <u>Fair Debt Collection Practices Act</u>

19      Defendant argues that plaintiff fails to state a claim under the FDCPA because the

20  amended complaint does not allege (1) plaintiff is a "consumer" or (2) that defendant is a "debt

21  collector" as those terms are defined by the FDCPA.  ECF No. 7 at 9-10.

22      The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt

23  collectors, to insure that those debt collectors who refrain from using abusive debt collection

24  practices are not competitively disadvantaged, and to promote consistent State action to protect

25  consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To recover under the FDCPA

26  (1) the plaintiff must be a "consumer," (2) the defendant must be a "debt collector," and (3) the

27  defendant must have committed some act or omission that violated a provision of the FDCPA.

28  /////

4

*See* 15 U.S.C. § 1692a(3)-(6); *Alonso v. Blackstone Financial Group LLC*, 962 F. Supp. 2d 1188, 1193-94 (E.D. Cal. 2013).

Under the FDCPA, a "consumer" is defined as any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3). "The Act defines the term 'debt collector' to embrace anyone who regularly collects or attempts to collect . . . debts owed or due . . . another." *McNair v. Maxwell & Mortgage PC*, 893 F.3d 680, (9th Cir. 2018) (some internal quotations omitted) (quoting *Henson v. Santander Consumer USA Inc.*, —— U.S. ——, 137 S.Ct. 1718, 1721, 198 L.Ed.2d 177 (2017)). An entity is not a "debt collector" where "its only role in the debt collection process is the enforcement of a security interest." *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 573 (9th Cir. 2016) (internal quotations omitted); *see Casault v. Federal Nat. Mortg. Ass'n*, 915 F.Supp.2d 1113, 1126 (C.D. Cal. Nov. 26, 2012) ("FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage serving company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.").

Although plaintiff claims that he is a "consumer" and defendant is a "debt collector" as those terms are defined by the FDCPA, he fails to provide any factual allegations to support those conclusions. He does not allege he was obligated to repay the debt incurred by Mr. Davis. Nor does he allege any specific facts demonstrating that defendant regularly collects or attempts to collect debts. Accordingly, plaintiff's FDCPA claim must be dismissed with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

### 2. Quiet Title

Plaintiff also alleges a state law claim to quiet title of the subject property. ECF No. 4 at 7-8. He claims that defendant does not "hold a perfected and secured claim in the Property . . . and [defendant is] estopped and precluded from asserting an unsecured claim against" the subject property. *Id*. at 8.

The purpose of a quiet title action "is to settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate

therein as he may be entitled to." *Peterson v. Gibbs*, 147 Cal. 1, 5 (Cal. 1905). To establish a claim for quiet title, plaintiff must file a verified complaint that alleges: (a) a description of the property; (b) plaintiff's title as to which determination is sought; (c) the adverse claims to the title; (d) the date to which the determination is sought; and (e) a prayer for the determination of title. Cal. Civ. Proc. Code § 761.020. "In order to satisfy the second requirement, [the] plaintiff must allege that he has discharged his debt, regardless to whom it is owed." *Ananiev v. Aurora Loan Svcs.*, 2012 WL 4099568, at *3 (N.D. Cal. Sep. 17, 2012). This requires a plaintiff to show "that they are the rightful owners of the property, i.e.[,] that they have satisfied their obligations under the Deed of Trust." *Kelly v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).

Here, judicially noticed documents reflect that plaintiff's father, Mr. Davis, obtained a reverse mortgage (RJN, Exs. 1-2), and that loan was in arrears by $283,689.06 as of August 25, 2017 (RJN, Ex. 5). Although plaintiff alleges that he inherited the subject property after his father's death, he does not allege that the amount due under the loan was ever repaid. Accordingly, plaintiff fails to sufficient allege a claim to quiet title, and the claim must be dismissed with leave to amend. *See Lopez*, 203 F.3d at 1126-27.

IV.    Conclusion

Accordingly, it is hereby ORDERED that the September 5, 2018 order to show cause is discharged and no sanctions are imposed.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 7) be granted; and

2. Plaintiff's first amended complaint (ECF No. 4) be dismissed with leave to amend. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint as provided herein. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

/////

/////

/////

6

Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 20, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE